AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Marques Leroy Young<br><br>*Defendant(s)* | Case No.<br>5:22-mj-1042-PRL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 3, 2022** in the county of **Marion** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(a)(1)(A) | Causing a Federal Firearm Licensee to maintain false information in their official records |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Sean Young, ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 29, 2022

_____
Judge's signature

City and state: Ocala, Florida

Philip R. Lammens, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA            MDFL CASE NO. 5:22-mj-1042-PRL

COUNTY OF MARION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sean Young, being duly sworn, hereby depose and state the following:

### Introduction and Agent Background

1. I am a sworn officer with the Ocala Police Department (OPD) assigned as a Task Force officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been employed as an officer with OPD for over sixteen years. I have conducted numerous federal investigations involving firearms. I am a graduate of the Pasco-Hernando Community College law enforcement academy. I also hold a Master of Business Administration with a Graduate certificate in criminal justice management from Saint Leo University.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. I have set forth only those facts I believe are necessary to establish probable cause that a violation of 18 U.S.C. § 924(a)(1)(A) was committed on or about March 3, 2022.

## Probable Cause

*ATF Form 4473*

3. Ocala Rural King is a retail store located in Marion County, Florida, within the Middle District of Florida. At all times relevant to this complaint, Rural King was a Federal Firearm Licensee (FFL) licensed by ATF to engage in the business of buying and selling firearms.

4. As part of any firearm sale, an FFL is required to have the buyer complete an ATF Form 4473 (Firearm Transaction Record). The version of this form that is relevant to this case was revised in May 2020.

5. Section B of ATF Form 4473 asks the buyer a series of questions to determine whether the buyer is prohibited from possessing or receiving firearms under federal law. The buyer must provide basic background information (name, date of birth, residence address, place of birth, race, sex, social security number, etc.). The top of ATF Form 4473 contains the following warning:

> **WARNING:** The information you provide will be used to determine whether you are prohibited by Federal or State law from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. Seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine. Any person who exports a firearm without a proper authorization from either the Department of Commerce of the Department of State, as applicable, is subject to a fine of not more than $1,000,000 and up to 20 years imprisonment.

6. Question 21.a. on ATF Form 4473 asks, "Are you the actual transferee/buyer of the firearms(s) listed on this form?" This question is then followed by the following warning printed in bold type:


> **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**

7. Definitions included on ATF Form 4473 detail the meaning of "actual transferee/buyer" as follows:

> Question 21.a. Actual Transferee/Buyer: For purposes of this form, a person is the actual transferee/buyer **if he/she is purchasing the firearm for him/herself or otherwise acquiring the firearm for him/herself.** (e.g. redeeming the firearm from pawn, retrieving it from consignment, firearm raffle winner). A person is also the actual transferee/buyer if he/she is legitimately purchasing the firearm a bona fide gift for a third party. A gift is not bona fide if another person offered or gave the person completing this form money, service(s), or item(s) of value to acquire the firearm for him/her or if the other person is prohibited by las from receiving or possessing the firearm.

(emphasis added).

8. The transferee/buyer is required to sign below a certification printed in bold type that all the information provided by the transferee/buyer on ATF Form 4473 is "true, correct and complete." In relevant part, this certification reads:

> **I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law . . . I also understand that making any false oral or written statement . . . is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale**

3

for livelihood and profit without a Federal firearms license is a violation of Federal law.

*Purchased firearms*

9. Between on or about October 27, 2020 and on or about March 9, 2022, **Marcus Leroy YOUNG** purchased eleven firearms from Rural King. For each of the transactions, **YOUNG** filled out an ATF Form 4473. On the forms, **YOUNG** certified that he was the "actual transferee/buyer" of the eleven firearms.

10. ATF agents obtained the transaction documentation for the following firearms **YOUNG** purchased:

    a. Glock model 44 .22 caliber pistol, serial number AEKN056, purchased on October 27, 2020

    b. Taurus model PT111 G2 9mm pistol, serial number ABJ928529, purchased on October 27, 2020

    c. Taurus model 856 .38 caliber revolver, serial number ACB573777, purchased on April 29, 2021

    d. Taurus PT111 G2 pistol, serial number 1C029210, purchased on May 27, 2021

    e. ACP revolver model 200, serial number RIA2337131, purchased on June 18, 2021

    f. Taurus model G3C 9mm pistol, serial number ACE919696, purchased on July 9, 2021

    g. Smith & Wesson model M&P15-22 rifle, serial number

      LAE6964, purchased on October 7, 2021

  h. Glock model 23 .40 caliber pistol, serial number BSRF507, purchased on October 14, 2021

  i. Taurus model PT111 G2 9mm pistol, serial number ACH146820, purchased on November 30, 2021

  j. Taurus model PT111 G2 9mm pistol, serial number 1C094850, purchased on February 2, 2022

  k. Taurus model PT111 G2 9mm pistol, serial number ACN780365, purchased on or about March 9, 2022.[1] This is the transaction that is the subject of this complaint.

11. **YOUNG's** transactions reflect repeated purchases of identical or similar firearms within a short period of time. Within sixteen months, **YOUNG** purchased five of the same type of firearm: Taurus model PT111 G2 9mm pistol. With my training and experience, I know this behavior is consistent with firearm trafficking, as gun owners and/or collectors do not typically buy multiple copies of identical firearms in rapid succession. Collectors typically purchase a variety of different firearms. Repeatedly purchasing the same firearm suggests that **YOUNG** was selling the firearms and restocking his inventory.

---

[1] **YOUNG** completed the payment and ATF Form 4473 for this firearm at Ocala Rural King on March 3, 2022. He certified on the ATF Form 4473 that he was the "actual transferee/buyer." He later picked up the firearm on March 9, 2022.

12. As defined on ATF Form 4473, **YOUNG** is not the "actual transferee/buyer" if he is purchasing the firearms with the intention to resell or transfer them to another person.

13. On or about June 7, 2021, **YOUNG** reported to OPD that two Taurus G2C 9mm pistols with the serial numbers ABJ928529 and 1C02A210 were stolen. **YOUNG** claimed that he was given a ride to a party on June 6, 2021. He advised that he brought the firearms with him in a backpack, which he placed in the rear seat of the vehicle. He left the firearms in the vehicle when he went to the party, and the firearms were gone when he later returned to the vehicle.

14. A detective from OPD spoke with **YOUNG** on or about June 17, 2021. **YOUNG** told the detective that he knew he could go to jail for what he did. He said the two Taurus firearms were never stolen. **YOUNG** advised that he went to Rural King to buy the firearms for a friend named K.J. because K.J. was not old enough to buy them. **YOUNG** said K.J. gave him money to buy the firearms. He was worried that his name would be associated with the firearms if something bad were to happen, so he decided to report the firearms stolen. **YOUNG** did not provide any further information for K.J. Neither OPD nor ATF were able to verify the identity of K.J. Both Taurus firearms were entered into FCIC/NCIC. As of March 17, 2022, the firearms have not been located.

*Firearms possessed by others*

15. Five of the eleven firearms **YOUNG** purchased from Rural King were located by OPD in the possession of other people.

16. First, on or about September 26, 2021, OPD recovered the Taurus revolver, serial number ACB573777, that **YOUNG** purchased on or about April 29, 2021. In that case, two men, T.M. and D.J., were stopped by OPD for a pedestrian violation. T.M. had **YOUNG's** Taurus firearm in the pocket of his hoodie, and he was arrested for carrying a concealed firearm.

17. Second, on or about October 20, 2021, OPD located the Taurus pistol, serial number ACE919696, that **YOUNG** purchased on or about July 9, 2021. A shooting occurred at an apartment complex, and two people suffered gunshot wounds. J.G. and his passenger, K.M., drove one of the victims to the hospital. J.G. claimed that he heard gunshots while he was driving, and the victim ran into the street saying he was shot. J.G.'s vehicle was searched, and J.G. had two firearms in his vehicle. One of the firearms was **YOUNG's** Taurus firearm. It was located in a backpack on the passenger floorboard.

18. Third, on or about November 4, 2021, OPD located the Glock pistol, serial number AEKN056, that **YOUNG** purchased on or about October 27, 2020. Two men, Z.S. and D.J. (the same D.J. who OPD found with **YOUNG's** Taurus firearm on or about September 26, 2021), were looking into cars at a stadium during a high school football game. Z.S. had **YOUNG's** Glock firearm in the pocket of his

hoodie. He was arrested for carrying a concealing firearm and possessing a firearm on school property.

19. Fourth, on or about February 27, 2022, OPD located the Taurus pistol, serial number 1C094850, that **YOUNG** purchased on or about February 2, 2022. D.C. was stopped while driving for a tint violation. J.G. (the same J.G. who OPD found with another one of **YOUNG's** Taurus firearms on or about October 20, 2021) was a passenger in the vehicle. D.C. gave the officer consent to search his vehicle, and officers located **YOUNG's** Taurus firearm in the center console. D.C. told the officers that the firearm belonged to **YOUNG**.

20. Fifth, on or about March 19, 2022, OPD recovered the Smith & Wesson .22 long rifle, serial number LAE6964, that **YOUNG** purchased on or about October 7, 2021. OPD arrested a man at a residence, J.D. He was arrested for shooting at three juveniles who were playing football in a field by their home earlier that day. **YOUNG's** firearm was located on a pile of clothes in the laundry room of the residence where J.D. was arrested. J.D. is also a person of interest in several previous shootings to include a homicide where the victim was killed by multiple .22 long rifle gunshots on or about January 27, 2022. OPD is forensically examining the firearm to determine if it is related to the homicide. Additionally, OPD is still investigating a shooting which occurred on or about March 19, 2022 where a home was struck by multiple shots from a .22 long rifle. The suspect is unknown.

### YOUNG's first interview

21. On or about March 8, 2022, ATF agents attempted to locate **YOUNG** by going to his stepfather's residence. **YOUNG's** stepfather, K.M., provided ATF with a phone number for **YOUNG**. The ATF agents called **YOUNG** on K.M.'s cellphone, and **YOUNG** gave the agents his address.

22. On that same day, ATF agents went to **YOUNG's** residence and conducted a consensual interview outside of **YOUNG's** apartment. The agents told YOUNG that he could say he did not want to speak with them at any time.

23. When asked about why **YOUNG's** firearms are ending up in other people's hands, **YOUNG** told the agents that the only information he could give is that he gave the firearms to a man he believes is locked up with the nickname "Sway" who he believes is "locked up." **YOUNG** advised that he met "Sway" playing basketball at the War Memorial Auditorium, and "Sway" asked around for someone from whom he could buy firearms.

24. **YOUNG** told the agents that he has also sold firearms to J.G., who was found by law enforcement with one of **YOUNG's** Taurus firearms on or about October 20, 2021 and another one of **YOUNG's** Taurus firearms on or about February 27, 2022. **YOUNG** advised that he has known J.G. for two to three years.

25. Agents asked **YOUNG** if he knew D.C., who was the person in possession of his Taurus firearm on or about February 27, 2022. **YOUNG** said he did not know D.C. Agents asked him how his firearm ended up in D.C.'s car, and

**YOUNG** said changed his story by saying he may have left his firearm in D.C.'s car. He then tried to reconcile his previous inconsistent answer by saying he has "heard of" D.C.

28. When agents asked **YOUNG** about the other people in possession of his firearms, he told the agents that he did not know those individuals and he did not know how they became in possession of his firearms.

27. **YOUNG** stated that he usually keeps the firearms he purchases for two to three weeks. He sells them and gives them away to other people. **YOUNG** said he sells the firearms for $200, which is less than what he paid for the firearms. He said he usually does not stay in contact with people after he sells and/or gives the firearms to them. He does not know where his firearms are located.

*YOUNG's second interview*

28. On or about March 23, 2022, ATF agents responded to **YOUNG's** residence to interview him a second time. **YOUNG** approached the agents from the parking lot of his apartment complex. **YOUNG** was with two other men, Z.J. and E.E. They had arrived in E.E.'s red Ford Explorer.

29. The agents asked **YOUNG** if he purchased a Taurus firearm on or about March 9, 2022, which he affirmed that he did. The agents asked where the firearm was located, and **YOUNG** indicated that it was in a backpack in the back seat of E.E.'s vehicle. When **YOUNG** opened the rear right passenger door, the

agents observed another man, J.S., seated in the rear right passenger seat with a red bag at his feet.

30.   **YOUNG** grabbed the red bag and removed a Taurus firearm that was loaded with nine rounds of various ammunition. The agents took possession of the firearm and confirmed that the serial number was the same as the firearm purchased by **YOUNG** on March 9, 2022. The agents read **YOUNG** his *Miranda* warnings, and he asked for an attorney.

31.   A computer check revealed that J.S. was a convicted felon. E.E. gave the agents consent to search his vehicle, and a second firearm was located in the backseat. The second firearm was also a loaded Taurus pistol, and it was located in the seat pocket behind the driver's seat. A spare Taurus magazine loaded with seven rounds of various manufactured 9mm ammunition was located on the center rear seat floorboard.

*Rural King video surveillance*

32.   On or about March 24, 2022, ATF agents met with Ocala Rural King management. The agents reviewed video surveillance from the March 3, 2022, transaction in which **YOUNG** completed the ATF Form 4473 and payment for the Taurus firearm, serial number ACN780365. After **YOUNG** engaged in a transaction with the clerk, an unknown man entered the store and walked to the footwear area of the store. The unknown man's appearance was consistent with J.S. (the same J.S. who ATF found with this Taurus firearm on or about March 23, 2022). **YOUNG**

walked to the footwear area and met with the unknown man who then handed **YOUNG** money. **YOUNG** returned to the gun counter and completed the firearms transaction. The unknown man exited the store and entered the rear right seat of a red Ford Explorer, which is consistent with E.E.'s vehicle.

33. **YOUNG** then exited the store and entered the driver's side rear seat of the red Ford Explorer. The vehicle drove away from the area.

34. Because **YOUNG** purchased the firearm on behalf of another person, **YOUNG** was not the "actual transferee/buyer" of the Taurus firearm. His untruthful answer therefore caused the FFL to maintain false information in its official records.

### Conclusion

35. Based on the foregoing, I respectfully submit that probable cause exists to believe that on or about March 3, 2022, **YOUNG** committed the offense of causing an FFL to maintain false information in their official records, in violation of 18 U.S.C. § 924(a)(1)(A).

This concludes my affidavit.

_____
Sean Young
Task Force Officer, ATF

Sworn to and subscribed before me this 29th day of March, 2022.

_____
Philip R. Lammens
United States Magistrate Judge