FILED
Date: 04/12/2022

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT of FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:22-cr-18-JA-PRL
     18 U.S.C. § 922(a)(6)
MARQUES LEROY YOUNG   18 U.S.C. § 922(a)(1)(A)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about March 3, 2022, in the Middle District of Florida, the defendant,

MARQUES LEROY YOUNG,

in connection with the acquisition of a firearm, that is, a Taurus firearm, from Ocala Rural King, a federally licensed firearms dealer, did knowingly make a false and fictitious written statement intended and likely to deceive such dealer with respect to a fact material to the lawfulness of the sale under the provisions of Title 18, United States Code, Chapter 44, to wit, answering "yes" to question 21.a. on ATF Form 4473 which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?", when in fact the defendant knew he was buying the firearm on behalf of someone else.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT TWO

On or about March 3, 2022, in the Middle District of Florida, the defendant,

MARQUES LEROY YOUNG,

knowingly made a false statement and representation to employees of Ocala Rural King, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Ocala Rural King, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, to the effect that the defendant was the actual transferee/buyer of a firearm, specifically, a Taurus firearm, when in truth and fact, the defendant was not the actual transferee/buyer.

In violation of 18 U.S.C. § 924(a)(1)(A).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922 and 924, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1)

and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

  3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]* Hannah Nowalk
Hannah J. Nowalk
Assistant United States Attorney

By: *[signature]*
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
April 22

No. 5:22-cr-

UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

MARQUES LEROY YOUNG

INDICTMENT

Violations: 18 U.S.C. § 922(a)(6)
18 U.S.C. § 924(a)(1)(A)



Foreperson

Filed in open court this 12th day

of April 2022.

_____M Taylor_____
Clerk

Bail $_____

GPO 863 525